No. 89-302

IN THE SUPREME COURT OF THE STATE OF MONTANA
1989

ROBERT INMAN, d/b/a
B & B AUCTION SALES and SERVICE,
                Plaintiff and Respondent,
        -vs-
FARMERS NATIONAL COMPANY; FIRST SECURITY
BANK OF HAVRE; DUANE "BUD" ANDERSON;
JARDINE STEPHENSON, BLEWETT & WEAVER, P.C.;
BLAINE COUNTY, MONTANA; POLLINATION TECHNIQUES,
INC.; FARMER'S UNION OIL CO. OF CHINOOK; MILK
RIVER PRODUCTION CREDIT ASSOC.; AETNA LIFE
INS. CO.; JOHN SCHWARZ; GENERAL AGRICULTURE CORP.;
MONTANA AGRICULTURE II LIMITED PARTNERSHIP; MONTANA
AGRICULTURE III LIMITED PARTNERSHIP; GOLDEN
BULL CATTLE CO., INC.; and JOHN DOES 1 through 20,
                Defendants and Appellants.

APPEAL FROM:  District Court of the Seventeenth Judicial District,
              In and for the County of Blaine,
              The Honorable B. W. Thomas, Judge presiding.

COUNSEL OF RECORD:
      For Appellant:
            Donald A. Ranstrom; Blaine County Attorney, Chinook,
            Montana
            Robert G. Michelotti, Jr.; Crowley, Haughey, Hanson,
            Toole & Dietrich, Billings, Montana  (Aetna Life Ins.)
            Glen A. Burbridge; Kutak, Rock & Campbell, Denver, CO

      For Respondent:
            Greg A. Luinstra, K. Dale Schwanke; Jardine, Stephenson,
            Blewett & Weaver, Great Falls, Montana (Schwarz; Jardine,
            et al.; Pollination Techniques; General Agriculture
            Corp.; Montana Agriculture; Golden Bull)
            Brian Lilletvedt, James M. Kaze; Bosch, Kuhr, Dugdale,
            Warner, Martin & Kaze, Havre, Montana  (Anderson)
            Gregory G. Murphy; Moulton, Bellingham, Longo & Mather,
            Billings, Montana  (Farmers Natl. Co.)
            Chris R. Young; Morrison, Young Law Firm, Havre, Montana
            Kevin C. Meek; Alexander, Baucus & Linnell, Great Falls,
            Montana  (Milk River Prod.)
            Dan Johnson, Farmer's Union, Chinook, Montana

Submitted on Briefs:  Nov. 2, 1989
     Decided:   December 6, 1989

Clerk

FILED
'89 DEC 6 PM 1 38
ED SMITH CLERK
MONTANA SUPREME COURT
Filed

Justice John Conway Harrison delivered the Opinion of the Court.

This action arises out of efforts by Blaine County to collect delinquent personal property taxes from respondents, Pollination Technics, Inc.; John Schwarz; General Agriculture Corporation; Montana Agriculture II Limited Partnership; and Golden Bull Cattle Company, Inc. (the Schwarz Group). The Seventeenth Judicial District, Blaine County, granted summary judgment in favor of respondents holding that Blaine County could not claim a tax lien on auction proceeds from an auction of personal property owned by the Schwarz Group. Blaine County and Aetna Life Insurance Company appeals that judgment. We reverse and direct entry of judgment in favor of appellants.

Appellants present essentially one issue for review: Did the District Court err in ruling that Blaine County was not entitled to execute against the "auction proceeds" to satisfy respondents' delinquent personal property tax obligation.

The material facts in this case are not in dispute. Briefly, the facts are that John Schwarz arranged for Inman to publicly auction certain farm equipment and machinery. At the time of the auction sale, Schwarz was delinquent in the personal property taxes assessed against some or all of this machinery and equipment for 1985 and subsequent years. The personal property taxes constituted a lien against this property. Farmer's National Company, receiver named in a foreclosure action brought by Aetna, was notified that John Schwarz had directed Inman to distribute the auction proceeds to Schwarz's creditors without paying the taxes. The taxes are also a lien on the real property involved in the foreclosure suit.

After learning of Inman's instructions, Farmer's National filed for injunctive relief to prevent Inman from distributing the auction sale proceeds to the creditors. The District Court held a hearing on April 7, 1988, wherein the parties agreed to convert the suit to an interpleader suit. Blaine County appeared at the hearing with a writ of execution and was prepared to levy upon the auction proceeds. However, Blaine County agreed to postpone the levy as long as it did not lose any of its legal rights. The District Court ordered the action converted to an interpleader action and provided that Blaine County would not lose any of its legal rights. An interpleader complaint was then filed by Inman who also deposited the net auction proceeds with the Clerk of Court. The defendants are the parties with claims on the auction proceeds.

The District Court interpreted the tax collection remedies outlined in § 15-16-113, § 15-16-401 and § 15-17-911, MCA (1987), to require a county to seize and sell at public auction the personal property against which the taxes were assessed. Under those statutes, the District Court reasoned that if a sale is not for the purpose of collecting delinquent property taxes, then the law does not allow a tax lien on the proceeds. Thus, the District Court held that Blaine County's statutory remedies for collection of personal property taxes did not include the right to claim a prior lien on the auction proceeds. We disagree.

The statutes that specifically define and relate to taxes as judgments or liens and tax lien priority are § 15-16-401 and § 15-16-402(1), MCA (1987), which read as follows:

> 15-16-401. Tax due as a judgment or lien. Every tax has the effect of a judgment against the person, and every lien created by this title has the force

3

and *effect of an execution duly levied against all personal property* in the possession of the person assessed from and after the date the assessment is made. The county treasurer may issue a writ of execution for delinquent personal property taxes and deliver the writ to the sheriff. The sheriff shall thereupon proceed upon the writ in all respects, with like effect, and in the same manner prescribed by law in respect to executions issued against property upon judgments of a court of record and shall be entitled to the fees provided for in 15-17-911. The judgment is not satisfied nor the lien removed until the taxes are paid or the property sold for the payment thereof. (Emphasis added.)

15-16-402. Tax on personal property lien on realty -- separate assessment. (1) *Every tax due upon personal property is a prior lien upon any or all of such property*, which lien shall have precedence over any other lien, claim, or demand upon such property, and except as hereinafter provided, every tax upon personal property is also a lien upon the real property of the owner thereof on and after January 1 of each year. (Emphasis added.)

The language of these statutes establishes that the county has a right to a tax lien on all personal property of the taxpayer. This lien is inchoate and must be perfected by a levy and seizure of a specific item. The statutes do not restrict tax liens to the specific property against which the tax is assessed. We have previously so held in O'Brien v. Ross (1964), 144 Mont. 115, 394 P.2d 1013. By definition the term personal property includes money. See, § 15-1-101(1)(k)-(m), MCA. Thus tax liens can attach to money.

As well, § 15-16-401, MCA (1987), authorizes the sheriff upon receipt of a writ of execution for delinquent

4

personal property taxes to "proceed upon the writ in all respects, with like effect, and in the same manner prescribed by law in respect to executions issued against property upon judgments of a court of record . . ." In other words, the statute accords the tax lien the same status as a court judgment and gives to the county the same execution remedies as a judgment creditor. Section 25-13-501, MCA, lists what property may be subject to execution to satisfy a judgment. In pertinent part, § 25-13-501, MCA, states the following:

> All goods, chattels, moneys, and other property, both real and personal, or any interest therein of the judgment debtor, not exempt by law, . . . are liable to execution. (Emphasis added.)

Because the county possesses the same execution remedies as a judgment creditor, the county has the right to execute on the auction proceeds (moneys) to collect delinquent personal property taxes.

The respondents direct our attention to §§ 15-16-113(2), 15-17-911, and 15-16-401, MCA (1987), relied upon by the District Court. All these statutes provide generally for the seizure and sale of personal property as a means of discharging a statutory tax lien. Respondents argue that the District Court correctly interpreted these statutes as limiting the county's collection remedies to a tax sale of the property assessed. This contention is not only without merit but it is illogical. When the property seized to satisfy the tax is money, no sale is required.

Contrary to respondents' assertion, as we outlined above, § 15-16-401, MCA (1987), squarely provides a mechanism for the county to perfect the tax lien by levy of execution and seizure just as a judgment creditor has a similar right of execution against a judgment debtor. Those remedies authorized in § 15-16-401, MCA (1987), include executing on

5

cash funds such as the auction proceeds. Therefore, we hold that Blaine County has a right to a tax lien on the auction proceeds. Blaine County can levy the auction proceeds and use those moneys to satisfy Schwarz's delinquent personal property taxes.

Because of our discussion above, we need not discuss other issues raised by the parties. We reverse the District Court and direct entry of judgment for appellants.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____

_____

_____
Justices

6